CHAMBERS *v.* BIGELOW-LIPTAK CORP.

5-2340                                                  344 S. W. 2d 588

Opinion delivered March 27, 1961.

Bernard Whetstone, for appellant.

Ben D. Lindsey, for appellee.

Ed F. McFaddin, Associate Justice. This is a Workmen's Compensation case. Appellant Chambers was employed by Appellee Bigelow-Liptak Corporation as a bricklayer from December 9, 1959 to December 17, 1959, inclusive. Three days later, Chambers developed pneumonia or pneumoconiosis, was hospitalized for fourteen days, and was unable to resume work until March 30, 1960. Chambers filed for compensation, claiming that he contracted the pneumonia or pneumoconiosis as a result of the conditions under which he worked. He also claimed permanent partial disability. The Referee denied Chambers' claim in toto; the Full Commission reached the same result; the Circuit Court affirmed the Commission; and Chambers brings this appeal.

I. The Claim For Temporary Total Disability. As aforesaid, Chambers was employed by appellees as a bricklayer to help reline with fire brick the inside of a circular tank at the American Oil Refinery Plant in El Dorado. The tank, referred to as a "nutcracker," was approximately 167 feet high and 43 feet in circumference. The old brick were cracked and broken, and as one section was being torn out the bricklayers were laying new brick in another section. There was no cross-ventilation; the only opening to the tank was a hole at the side or bottom where the workmen entered; and the tearing out of the old brick and the use of acetylene torches made the air so heavy and dusty that one could hardly see. Chambers worked inside the tank eight hours a day until the work was completed. Three days later, Chambers became violently ill: he was nauseated and emitted a

cuspidor of blood and "stuff just as black as tar." On December 23rd he was examined and hospitalized by Dr. Grady Hill, Jr., and remained in the hospital for fourteen days. A fellow patient at the hospital testified as to the frequent spitting up of a heavy dark gray substance by Chambers.

Dr. Hill testified that Chambers had primary acute pneumoconiosis, with a secondary bacteria infection, which was "the result of exposure to the contaminating atmosphere."[1] Dr. Hill stated that Chambers' pneumoconiosis "was definitely connected with his experience of being in that tank and breathing those dust particles. . . ." The only evidence offered to contradict the foregoing testimony was a report of an examination made by Dr. Joseph A. Buckman on April 5, 1960, which related to conditions then existing and as to whether there was any permanent partial disability. There is absolutely nothing in the record to contradict the foregoing testimony on behalf of the claimant, so we must take as an undisputed fact that Mr. Chambers, while employed by appellee, inhaled foreign particles into his lungs which brought on the pneumoconiosis.

In *Murch-Jarvis Co.* v. *Townsend,* 209 Ark. 956, 193 S. W. 2d 310, the workman inhaled dust and fumes at his place of work and developed an irritation in his throat and bronchial tubes. He filed a claim for disability, which was allowed by the Commission and affirmed by us on appeal as a disability resulting from an accidental injury arising out of and in the course of his employment. In *Batesville White Lime Co.* v. *Bell,* 212 Ark. 23, 205 S. W. 2d 31, the workman inhaled dust particles in the course of his employment, and the claim was held to be compensable under the Workmen's Compensation Act. In the case at bar, under the law and the evidence, the Referee, as well as the Full Commission, should have found that Chambers was temporarily totally disabled from the date of his illness on December 20, 1959 through March 30, 1960; and he should have been

---

[1] Dr. Hill defined "pneumoconiosis" as "an inflammation of the lung caused by inhalation of particles of foreign material."

allowed proper medical and hospital expenses and compensation for such period of time. To such extent, the judgment of the Circuit Court is reversed and the cause remanded with directions to the Circuit Court to enter a judgment and remand the case to the Commission for an award in accordance with this opinion.

II. *The Claim For Permanent Partial Disability.* Chambers also claimed that he had nineteen per cent. permanent partial disability because of fibrosis or scar tissue on the right lower lobe of his lung. The Commission disallowed any claim for permanent partial disability, and we find that there is substantial evidence in the record to support the Commission's finding. Dr. Buchman, who examined Chambers on April 5th, stated: "I do not feel this man has any permanent partial disability. I believe that he had pneumonia in December, 1959, and now he is completely well." In view of this statement, we affirm the award of the Commission denying permanent partial disability.

III. *Procedural Matters.* At the hearing before the Referee, the employer offered the letter of Dr. Buchman detailing his examination of April 5, 1960 and his findings. The Referee asked if there was any objection to Dr. Buchman's report and the claimant's attorney answered in the negative; so Dr. Buchman's report went into the record at the hearing before the Referee with no objection and no reservation as to the right to have cross-examination. After the Referee ruled against the claimant, the case was taken to the Full Commission, and there Chambers' attorney claimed the right to cross-examine Dr. Buchman. The Commission denied the right in the form requested; and the claimant insists that the Commission was in error. Under the state of the record before the Commission, the ruling was correct. When the Buchman letter was offered before the Referee, the claimant could have agreed to its introduction and reserved the right to cross-examine. If such reservation had been made, then when the claimant wanted to cross-examine Dr. Buchman, the employer would have been obliged to produce him; but no such reservation was

made. When the case reached the hearing before the Full Commission, the claimant's attorney could have called Dr. Buchman for cross-examination or had his deposition taken on cross-examination; but claimant could not require the employer to call Dr. Buchman for claimant's cross-examination because his letter had been admitted without any reservation.

*CONCLUSION.* The judgment of the Circuit Court is affirmed in all respects except as stated in this opinion. To that extent, it is reversed and the cause remanded, with directions as herein stated.

