Frank McBRIDE *v.* Charles L. DANIELS, Director of Labor and ARKANSAS OAK FLOORING

E 80-2                                                    600 S.W. 2d 425
Court of Appeals of Arkansas
Opinion delivered June 4, 1980
Released for publication June 25, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellees.

GEORGE HOWARD, JR., Judge. Appellant filed his claim for unemployment benefits on November 13, 1979, which was approved by the local agency. The Appeals Tribunal, in reviewing the matter at the request of appellee-employer, reversed the action of the local agency.

On February 15, 1980, twenty-nine (29) days after the decision of the Appeals Tribunal, claimant petitioned the board of Review to review the action of the Appeals Tribunal stating:

> "I now have an overpayment of $927.00 because I was made eligible. I am not working and would like for you reconsider the decision from appeal. I did not receive Appeal Decision — my copy."

The Board of Review made the following finding:

> ". . . The appeal was not filed until after the expiration of the fifteen (15) day period. . . . Failure to file a timely appeal was not a result of circumstances beyond the appellant's control. The Board of Review therefore has no authority to consider such appeal since the . . . decision has become final."

The difficulty we encounter at the outset is endeavoring to rationalize the basis for the Board's finding that claimant's failure to file a timely appeal "was not a result of circumstances beyond the appellant's control." The only

evidence in the record possessing any degree of relevance on the issue are: (a) a notation that the decision of the Appeals Tribunal was mailed January 17, 1980, to claimant's last known address, and (b) Claimant's statement that he did not receive a copy of the decision.

Due process alone dictates something more than a perfunctory consideration of one's request for a review of a decision in an adversary proceeding, and this is especially true where, as here, the claimant has economic rights at stake. While the proceedings below are termed administrative, they nonetheless entail quasi-judicial functions which must measure up to the standards of due process.

We are persuaded that our recent decision in *Albina Paulino* v. *Charles L. Daniels, Director of Labor*, 269 Ark. 676, 599 S.W. 2d 760 (Ark. App. 1980) is dispositive of the issue before us. In reversing a decision of the Board of Review, involving a similar issue, Judge Pilkinton, in speaking for the Court, said:

> ". . . As already noted, the decision of the Board of Review was based solely on the dates involved and nothing else. We do not find the dates alone to be substantial evidence under the circumstances here. There is no doubt that the filing was late. The real question raised is why it was late. As far as the record in this case indicates, appellant was not afforded any opportunity before the Board of Review to be heard on her contention that the late filing was due to circumstances beyond her control. Although appellant in her petition to this court sets out the alleged reasons for the late filing in the Board of Review, it would not be proper for this court on appeal to pass on this issue of fact. That is the duty and responsibility of the Board of Review as the fact-finding body. . . . As appellant was given no opportunity before the Board of Review to attempt to explain the lateness of her appeal to that body, and in view of the fact that there is no substantial evidence in this record to support the finding of the board that the failure to file a timely appeal was *not* a result of circumstances beyond the appellant's control, . . ."

Reversed and remanded.