AETNA CASUALTY & SURETY CO.
*v.* Joyce A. DYER

CA 82-119                                    639 S.W.2d 536

Court of Appeals of Arkansas
Opinion delivered October 6, 1982

*Ray Baxter, P.A.,* by: *Ray Baxter,* for appellant.

*Barnes, Laney, Gaughan & Singleton,* by: *Hamilton H. Singleton,* for appellee.

DONALD L. CORBIN, Judge. Procedurally, this is a bizarre case. Joyce A. Dyer, claimant, was employed by General Dynamics when she sustained a compensable injury on August 17, 1977. Appellant, Aetna Casualty & Surety Company, was the insurance carrier for the company and provided medical benefits and temporary total disability benefits during the period of time that claimant was off work.

Claimant sustained another compensable injury on September 28, 1979, approximately sixteen months after returning to work. In the meantime, General Dynamics had

changed insurance carriers and was covered by The Insurance Company of North America (INA).

On January 8, 1980, a hearing was held at which only the claimant and INA were present. Aetna had no knowledge of the injury to claimant on September 28, 1979, and had no notice of the January 8, 1980, hearing. The Administrative Law Judge ruled the injury sustained by the claimant on September 28, 1979, was a recurrence and not an aggravation. He dismissed INA and made Aetna a party. He directed that Aetna be furnished a copy of the transcript of the testimony and, upon receipt of same, Aetna was given fifteen days in which to state its position.

Aetna's claim representative testified that he received a copy of the transcript about January 30, 1980, and wrote a letter dated February 2, 1980, taking the position that the claim against Aetna was barred by the statute of limitations.

On March 24, 1980, Aetna requested a hearing. It was held on April 3, 1980, before a different Administrative Law Judge. It appears from the record that Aetna did not receive a copy of the January 10, 1980, decision and was not aware of its existence until the time of the second hearing. INA was present and contended that by virtue of the January 10, 1980, opinion any claim against INA was barred by the doctrine of *res judicata*. Aetna, in addition to raising the statute of limitations defense, argued that INA should remain a party and proof should be allowed as to whether claimant had sustained an aggravation or recurrence.

The Administrative Law Judge set aside the decision of the Administrative Law Judge rendered on January 10, 1980, finding an aggravation and ordered INA to pay benefits.

On February 9, 1981, the full Commission held that the second Administrative Law Judge had no authority to set aside the decision of the first Administrative Law Judge. It remanded the case for a third hearing to determine if any liability existed on the part of Aetna.

At the third hearing, the Administrative Law Judge

stated that the effect of the full Commission's opinion of February 9, 1981, was to reinstate the January 10, 1980, opinion by the first Administrative Law Judge which found that claimant's current condition was a recurrence of the August 17, 1977, injury and that she did not sustain an aggravation of her condition on September 28, 1979.

The procedural problems involved in this case started at the first hearing. When it became apparent to the Administrative Law Judge at the hearing of January 8, 1980, that a third party was to be brought in, he should have continued the case until Aetna could be properly notified and made a party to the claim. But this did not take place and the bottom line is that Aetna has been deprived of procedural due process. *Pritchett* v. *Director of Labor,* 5 Ark. App. 194, 634 S.W.2d 397 (1982), *McBride* v. *Daniels,* 269 Ark. 705, 600 S.W.2d 425 (1980).

By appearing at the second hearing on April 3, 1980, Aetna was accorded procedural due process of law. However, the full Commission reversed that decision and remanded for proceedings to determine if any liability existed on the part of Aetna. The problem of procedural due process as to Aetna arose again because, at this third hearing, the Administrative Law Judge limited the issue to whether Mrs. Dyer's claim against Aetna was barred by the statute of limitations. He never addressed the issue of liability. The polestar of procedural due process is the opportunity to be heard and is an essential requisite of due process of law in judicial proceedings.

Appellee argues that Aetna should have appealed the January 10, 1980, decision. However, Aetna had no standing to appeal that decision since it was not a party.

Accordingly, we reverse and remand with directions for a hearing to be held to determine the rights of the claimant as against Aetna for any compensable injury she may have sustained on September 28, 1979, while in the employ of General Dynamics.[1]

---

[1]For a similar result with a similar set of facts, see *State Dept. of Highway* v. *Burgess Construction Co.,* 575 P.2d 792 (Alaska 1978).

Reversed and remanded.

GLAZE and COOPER, JJ., dissent.

TOM GLAZE, Judge, dissenting. I dissent. In arriving at its decision, the majority assumes the Commission was correct in finding that the Administrative Law Judge's decision filed January 10, 1980, was final. I cannot agree.

In *Cooper Industrial Products* v. *Meadows*, 269 Ark. 966, 601 S.W.2d 275 (Ark. App. 1980), we found a Commission's order not final and appealable. In so doing, we adopted the following rule:

> For a judgment to be final and appealable, it must in form or effect: Terminate the action; operate to divest some right so as to put [it] beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy. *Allred* v. *National Old Line Insurance Company*, 245 Ark. 893, 895-896, 435 S.W.2d 104 (1968) quoting *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W.2d 605 (1967).

*Cooper Industrial Products* at 969, 601 S.W.2d at 277.

The primary issue in this case is whether the claimant's condition is due to a recurrence of the August 17, 1977, injury or to an aggravation of her condition which occurred on September 28, 1979. If it were a recurrence, Aetna Casualty was liable for benefits, but if it were an aggravation, INA must pay. In his January 10 opinion, the Judge, acting on evidence presented by only the claimant and INA, found that the injury was a recurrence. At the same time, the Judge dismissed INA and directed Aetna Casualty to be made a party to the proceeding. The Administrative Law Judge's order dated January 10 neither terminated the proceeding nor concluded the parties' rights to the matters in controversy. In short, the proceeding merely *continued* in order for the Administrative Law Judge to determine whether the

claimant was entitled to benefits from Aetna — this time without INA as a party.

The January 10 order by the Administrative Law Judge simply did not end this controversy or any separable branch of it. Rather, it is an attempt to try a claim piecemeal which involves one major issue that affects three indispensable parties, *viz.*, INA, Aetna and the claimant, Dyer. Obviously, Dyer has little interest in whether INA or Aetna pays her benefits so long as they are paid. Both INA and Aetna should have been afforded the opportunity to offer evidence in support of their respective contentions as well as to present rebuttal evidence if necessary. Until such a hearing is conducted, neither an Administrative Law Judge nor the Commission can decide the respective parties' rights in a manner which will finally terminate this proceeding.

In accordance with the foregoing, I would find that the January 10 Administrative Law Judge's order was not final, and that the Judge has continuing jurisdiction to proceed in this cause in a manner which would properly terminate it. This would include joining both INA and Aetna as parties so that each can present fully whatever evidence is necessary to conclude its respective rights in controversy. I believe the Judge's earlier dismissal of INA was necessarily without prejudice, and since the Commission erred in finding the January 10 order final, its subsequent decisions on appeal should be set aside and held for naught.

COOPER, J., joins in this dissenting opinion.