Dino PALAZZOLO *v.* NELMS CHEVROLET

CA 93-877                                                    877 S.W.2d 938

Court of Appeals of Arkansas
Division II
Opinion delivered June 15, 1994
[Rehearing denied August 17, 1994.]

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Walter A. Murray*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Dino Palazzolo filed a workers' compensation claim, alleging that he suffered an injury while working for Nelms Chevrolet on September 23, 1991. He sought temporary total disability benefits, medical expenses, and attorneys fees. The Administrative Law Judge found that Mr. Palazzolo sustained a compensable injury, but denied temporary total disability benefits because the law judge found that he refused employment suitable to his capacity to work. The Administrative Law Judge (ALJ) did, however, award temporary partial disability benefits. Both parties appealed and the Workers' Compensation Commission found that Mr. Palazzolo sustained a compensable injury, but that he failed to prove that he was entitled to temporary total disability benefits. The Commission vacated the ALJ's award of temporary partial disability benefits because Mr. Palazzolo had not sought temporary partial disability benefits. Mr. Palazzolo now appeals, arguing that substantial evidence does not support the Commission's finding that he failed to prove that he is entitled to temporary total disability benefits. Alternatively, Mr. Palazzolo contends that the Commission erred as a matter of law in reversing the ALJ's award of temporary partial disability benefits. He also asserts that the Commission erred in allowing into evidence the deposition of Dr. James McKenzie.

The evidence shows that Mr. Palazzolo sustained a work-related back injury when he slipped and fell on September 23, 1991. He immediately reported the accident to his employer and

sought medical treatment. He was x-rayed and prescribed a cervical collar and physical therapy. In December of 1991, Mr. Palazzolo was released by Dr. James McKenzie to return to light duty work. He returned to work for Nelms Chevrolet on a part-time basis performing duties such as sweeping floors. Mr. Palazzolo testified that three weeks after returning to work, his supervisor told him not to come back until he was capable of performing his regular full-time duties.

Mr. Palazzolo now argues that the Commission erred in determining that he failed to prove by a preponderance of the evidence that he is temporarily totally disabled. In order to be entitled to temporary total disability compensation, the claimant must prove that he remained within his healing period and that he suffered a total incapacity to earn wages. *Arkansas State Highway and Transportation Department* v. *Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). On appeal, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's finding and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

We find that substantial evidence supports the Commission's determination that Mr. Palazzolo failed to prove that he suffered a total incapacity to earn wages and therefore was ineligible for temporary total disability benefits. Prior to releasing Mr. Palazzolo back to work, Dr. McKenzie relied on surveillance video tapes of appellant washing cars. These videos show movements inconsistent with Mr. Palazzolo's testimony regarding his limitations. He is shown rotating his neck and back, squatting, extending his arms in continuous movements, and engaging in other physical activities. Moreover, the evidence indicates that after being released to work, Mr. Palazzolo was able to sweep and perform other light duty. In addition, he admitted that he worked without pay at his step-father's church and was able to sweep,

mop, and take out the trash. There is also evidence that Mr. Palazzolo was able to do yard work. Evidence of these activities supports the Commission's finding that Mr. Palazzolo was not totally incapacitated for employment purposes.

Mr. Palazzolo further contends that the Commission erred in vacating the ALJ's award of temporary partial disability benefits. Citing *Arkansas Louisiana Gas Co.* v. *Grooms*, 10 Ark. App. 92, 661 S.W.2d 433 (1983), the Commission vacated the award. It ruled that, although Mr. Palazzolo submitted the issue of temporary total disability, the ALJ erred in considering temporary partial disability because this issue was not presented by either party. In *Grooms*, we held that it was error for the ALJ and Commission to consider an issue which was not presented by either party, and we stated:

> It is also clear from the statements of counsel in the record and the contentions of the parties as recited by the Administrative Law Judge that the case was submitted on an agreement that it would be determined on a finding as to whether the Statute of Limitations was tolled by the payment of Dr. Carter's medical expenses within the two years preceding the date of filing the claim. Whether the statute was tolled because of the latent nature of the injury and appellee's lack of awareness of the extent and nature of it was not an issue and was not developed at the hearing. With the clear statement of counsel that the issue to be presented was whether the Statute of Limitations had been tolled by the payment of compensation within the statutory period, the decision by the Administrative Law Judge based upon a finding of fact on an issue not submitted or developed by either party effectively denied the employer the right to be heard on that issue . . . .

10 Ark. App. at 100, 661 S.W.2d at 438.

It is true that Mr. Palazzolo did not raise temporary partial disability as an issue. However, unlike in *Grooms*, this issue was developed by the evidence in the case. The issues presented by the claim for temporary total disability included whether Mr. Palazzolo had reached his maximum healing period and whether he suffered wage loss disability as a result of his injury.

These are the same issues that the Commission would need decide in addressing temporary partial disability. The appellee employer was not denied the right to be heard on temporary partial disability because it was aware that temporary total disability was being claimed and its defense to total disability benefits would be substantially the same as its defense to partial disability benefits. Furthermore, when a claimant alleges that he is temporarily totally disabled, an employer should expect that the claimant may be eligible in the alternative to temporary partial disability benefits.

In *Grooms*, we stated that "[h]ad the issue of latent injury been fully developed by the parties despite the stipulations narrowing the issues a different question would be presented." This indicates that, even if the parties have not presented an issue to the Commission, the Commission may consider the issue if it is fully developed during the proceedings. In this case, we have an issue which was not presented but was fully developed, and we think the ALJ was correct in considering that issue. Therefore, we reverse and remand to the Commission to determine whether Mr. Palazzolo is entitled to an award of temporary partial disability benefits.

Mr. Palazzolo's remaining argument is that the Commission erroneously allowed into evidence the deposition of Dr. James McKenzie. He contends that Dr. McKenzie had seen the videos prior to being deposed by the appellee, that he did not know the doctor had seen the videos, and he was thus denied a fair cross-examination of the witness. This argument is without merit because the ALJ granted a continuance and gave Mr. Palazzolo the opportunity to view the videos and redepose Dr. McKenzie at the appellee's expense. Mr. Palazzolo refused to redepose Dr. McKenzie. Therefore, he cannot now successfully argue that he was denied an opportunity to cross-examine when it is clear that he was afforded such an opportunity but declined to exercise it.

For the above reasons, we affirm the Commission's finding that Mr. Palazzolo failed to prove his entitlement to temporary total disability benefits. We reverse and remand only as to the issue of whether Mr. Palazzolo is entitled to temporary partial disability benefits.

Affirmed in part, reversed and remanded in part.

Jennings, C.J., and Cooper, J., agree.