## Sharon BELCHER *v.* HOLIDAY INN

CA 94-469                                               896 S.W.2d 440

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1995

*Walker Law Firm*, by: *Eddie H. Walker* and *William J. Kropp, III*, for appellant.

*Jones, Gilbreath, Jackson & Moll*, by: *Charles R. Garner*, for appellee.

MELVIN MAYFIELD, Judge. This is the second appeal in this workers' compensation case. Appellant, Sharon Belcher, sustained a work-related back injury on September 11, 1987, which was accepted by the employer as compensable, and appellant received medical benefits plus a rating of five percent for a permanent partial impairment. Appellant was released and returned

to work for Holiday Inn in March 1988. She was terminated in July 1989 for reasons unrelated to her injury, and she subsequently obtained employment with Brownwood Life Care Center where she worked approximately eight months.

Appellant then required additional treatment for her back injury and filed a claim for additional medical benefits, for physical impairment equal to eight percent to the body as a whole, and benefits for loss of wage earning capacity. The Workers' Compensation Commission found appellant was entitled to the additional medical benefits and to the physical impairment of eight percent; however, it denied wage loss disability, in any amount, holding that Ark. Code Ann. § 11-9-522(b) (1987) barred her from receiving benefits for loss of wage earning capacity. That section provides in part that a person who has returned to work at wages equal to or greater than the person's average weekly wage at the time of the accident, is not entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by the medical evidence.

On appeal the Arkansas Court of Appeals reversed and held that Ark. Code Ann. § 11-9-522(b) (1987) "precludes a claim for wage loss benefits as a matter of law only during such time as the claimant has returned to work, obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than her average weekly wage at the time of the accident." Therefore, we remanded for the Commission to reconsider appellant's entitlement to wage loss disability benefits. *See Belcher* v. *Holiday Inn*, 43 Ark. App. 157, 868 S.W.2d 87 (1993).

On remand the Commission again held that appellant was not entitled to any wage loss disability benefits. This time it based its decision on Ark. Code Ann. § 11-9-522(c)(2) (1987), which provides:

> (2) Included in the stated intent of this section is to enable an employer to reduce or diminish payments of benefits for a functional disability, disability in excess of permanent physical impairment, which, in fact, no longer exists, or exists because of discharge for misconduct in connection with the work, or because the employee left his work voluntarily and without good cause connected with the work.

In its opinion the Commission stated that appellant was "terminated on July 20, 1989, for misconduct. Claimant then obtained employment at the Brownwood Life Care Center. Claimant worked at Brownwood for approximately eight months before voluntarily terminating her employment."

In making this determination, the Commission stated it was based "upon a subsequent de novo review of the record," but it made no reference to any evidence upon which it was based. The findings are in conclusory language and in no way constitute sufficient findings of fact. In *Cagle Fabricating & Steel, Inc.*, 309 Ark. 365, 369, 830 S.W.2d 857, 859 (1992), the court said the Commission "was required to find as facts the basic component elements on which its conclusion was based," and that case was remanded to the Commission for "a new decision based upon a specific finding." Moreover, in its first decision in the present case, the Commission said "[b]ut for the claimant's conduct, she would still be working for the respondent," but made no finding of fact in that opinion to support its conclusion. Obviously we cannot say as a matter of law that all "conduct" is "misconduct in connection with the work" as that term is used in Ark. Code Ann. § 11-9-522(c)(2) (1987).

Because we must remand this matter to the Commission for a new determination based upon specific findings of fact, we briefly give some guidance in the law that may be involved. On the issue of misconduct in connection with work, see *Nibco, Inc.* v. *Metcalf & Daniels*, 1 Ark. App. 114, 613 S.W.2d 612 (1981), and concerning leaving work voluntarily, see *JB Drilling Co.* v. *Lawrence*, 45 Ark. App. 157, 873 S.W.2d 817 (1994).

Reversed and remanded for proceedings consistent with this opinion.

ROBBINS and ROGERS, JJ., agree.