Randall LOWE *v.* CAR CARE MARKETING

CA 95-468                                            919 S.W.2d 520

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1996

*The Whetstone Law Firm, P.A.*, by: *Robert H. Montgomery*, for appellant.

*Bailey, Trimble, Capps, Lowe, Sellars & Thomas*, by: *Peter O. Thomas*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Randall Lowe, appeals from an order of the Arkansas Workers' Compensation Commission denying his claim for medical benefits and temporary total disability benefits. He contends that the administrative law judge's opinion, which the Commission adopted as its own, fails to set forth sufficient findings of fact to support the decision and that any findings that were made are not supported by substantial evidence. We agree with the first of these points, and we reverse and remand for the Commission to make specific findings of fact.

■ When the Commission denies compensation, it is required to make findings sufficient to justify that denial. *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). A satisfactory, sufficient finding of fact must contain all of the specific facts relevant to the contested issue or issues so that the reviewing court may determine whether the Commission has resolved these issues in conformity with the law. *Id.* The Commission must find as facts the basic component elements on which its conclusion is based. *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992). While the Commission may specifically adopt the findings of fact made by the administrative law judge, it is necessary under such circumstances that the administrative law judge have made sufficient findings. *See Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991); *ITT/Higbie Mfg.* v. *Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1991).

■ A finding of fact sufficient to permit meaningful review is a "simple straightforward statement of what happened." *Wright*, 18 Ark. App. at 21, 709 S.W.2d at 109. Neither "a statement that a witness, or witnesses, testified thus and so," *id.*, nor language by the Commission that is merely "conclusory and does not detail or analyze the facts upon which it is based" will suffice. *Cagle Fabricating & Steel, Inc.*, 309 Ark. at 369, 830 S.W.2d at 859. In the present case, the opinion adopted by the Commission consists almost entirely of a narration of the testimony followed by the statement that "[t]he claimant did not sustain an injury arising out of and during the scope of his employment on October 9, 1992."

■ Although labeled a finding of fact, the quoted statement was a conclusion of law. *See Cagle Fabricating & Steel, Inc.* v. *Patterson*, *supra*. A claimant is entitled to know the factual basis upon which his claim is denied, *Jones* v. *Tyson Foods, Inc.*, 26 Ark. App. 51, 759 S.W.2d 578 (1988), and cases lacking this degree of specificity will be remanded for a decision based upon a specific finding. *Belcher* v. *Holiday Inn*, 49 Ark. App. 64, 896 S.W.2d 440 (1995). Here, while it may be that the Commission determined that appellant, apparently the only witness to the alleged accidental injury, was not a credible witness, the opinion does not so state. As we are unable to determine the facts upon which the Commission relied in reaching

its conclusion, we reverse and remand for the Commission to make specific findings of fact.

Reversed and remanded.

COOPER and ROGERS, JJ., agree.