Rebekah PRIEST *v.* UNITED PARCEL SERVICE

CA 97-5                                              950 S.W.2d 476

Court of Appeals of Arkansas
Division I
Opinion delivered September 17, 1997

---

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellees.

D. FRANKLIN AREY, III, Judge. The appellant, Rebekah Priest, challenges the Workers' Compensation Commission's determination that she sustained a 5% impairment to the body as a whole. This rating is based upon an independent medical evaluation by Dr. Jim Moore. The claimant sought to cross-examine Dr. Moore at the hearing before the Administrative Law Judge pursuant to Ark. Code Ann. § 11-9-705(c)(2)(B) (Repl. 1996). When the ALJ failed to issue a subpoena to ensure Dr. Moore's presence, appellant raised a due process claim grounded on the denial of her right to cross-examine Dr. Moore at the hearing. We reverse and remand.

The parties stipulated that the appellant sustained a compensable back injury on November 2, 1990. Her injury was primarily treated by Dr. Phillip Johnson; he assigned the appellant permanent physical impairment to the extent of 15% to the body as a whole. The appellant agreed to an independent medical evaluation by Dr. Moore. Dr. Moore's report of this evaluation, dated September 13, 1993, opined that the appellant sustained a 5% impairment to the body as a whole.

The employer indicated its intent to offer Dr. Moore's independent medical evaluation into evidence. The appellant requested the opportunity to cross-examine Dr. Moore by deposition, but cancelled a scheduled deposition contending that she was unable to pay Dr. Moore's fees. Thereafter, the appellant requested that the employer produce Dr. Moore for cross-examination at the hearing before the Administrative Law Judge pursuant to Ark. Code Ann. § 11-9-705(c)(2)(B). When the employer declined, the appellant sought a subpoena for Dr. Moore pursuant to Ark. Code Ann. § 11-9-706(a). The ALJ did not issue the requested subpoena. The appellant then objected to the

introduction of Dr. Moore's report, arguing that she was denied due process because she was unable to cross-examine Dr. Moore.

The ALJ concluded that the appellant was not denied due process by the admission of Dr. Moore's medical evaluation into evidence. The ALJ cited Dr. Moore's report, and determined that Dr. Moore's rating of 5% impairment was more accurate than Dr. Johnson's rating of 15%. The full Commission affirmed and adopted the ALJ's decision as its own decision.

■ On appeal, the appellant presses her claim that her due process right to cross-examine Dr. Moore was violated by the ALJ's failure to issue the requested subpoena. We cannot reach the merits of this issue. The full Commission did not make findings of fact in support of its conclusion that the appellant was not denied due process. "The Commission must find as facts the basic component elements on which its conclusion is based." *Lowe v. Car Care Marketing*, 53 Ark. App. 100, 102, 919 S.W.2d 520, 521 (1996). Such fact-findings are necessary to permit appellate review of the constitutional issues presented. *Green v. Smith & Scott Logging*, 54 Ark. App. 53, 54-55, 922 S.W.2d 746, 747 (1996). Since we are unable to determine the facts upon which the Commission relied in concluding that appellant's due process rights were not violated, we reverse and remand for the Commission to make specific findings of fact. *Lowe*, 53 Ark. App. at 102-103, 919 S.W.2d at 521.

■ We take this opportunity to provide the Commission with some guidance on remand.[1] Parties appearing before admin-

---

[1] The concurrence suggests that we err when we provide guidance on the law to be followed on remand of this case. If we err by providing such guidance, we do so in good company. *See Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 901 S.W.2d 826 (1995); *Spring Creek Living Center v. Sarrett*, 319 Ark. 259, 890 S.W.2d 598 (1995); *Suggs v. State*, 317 Ark. 541, 879 S.W.2d 428 (1994); *Grimes v. M.H.M., Inc.*, 299 Ark. 560, 776 S.W.2d 336 (1989). Our court has given the Commission guidance on the law involved upon remand for making findings of fact. *See Belcher v. Holiday Inn*, 49 Ark. App. 64, 896 S.W.2d 440 (1995); *cf. Tabor v. Levi Strauss & Co.*, 33 Ark. App. 71, 801 S.W.2d 311 (1990) (remand with instructions to recalculate wages based upon directions from our court).

We agree with the concurring judge that this due process discussion is dicta; the last paragraph of this opinion confirms our agreement. Nothing in this due process discussion

istrative agencies are entitled to due process in the proceedings. U.S. Const. amend. XIV, § 1; Ark. Const. art. II, § 8; *see Smith v. Everett*, 276 Ark. 430, 637 S.W.2d 537 (1982); *Arkansas Pub. Service Comm'n v. Continental Tel. Co.*, 262 Ark. 821, 561 S.W.2d 645 (1978); *Arkansas State Bd. of Nursing v. Long*, 8 Ark. App. 288, 651 S.W.2d 109 (1983). The Workers' Compensation Commission is no exception: parties appearing before the Commission should not be deprived of the essential requisites of due process of law. *See Aetna Cas. & Sur. Co. v. Dyer*, 6 Ark. App. 211, 639 S.W.2d 536 (1982); 7 ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 79.25(c) (1997).

■ One aspect of due process is the opportunity to subpoena and cross-examine adverse witnesses. *Branch v. Hempstead County Mem'l Hosp.*, 539 F.Supp. 908 (W.D. Ark. 1982) (cross-examination); *Smith*, 276 Ark. at 431-32, 637 S.W.2d at 538. The right to cross-examine adverse witnesses extends to parties appearing before the Workers' Compensation Commission. *See Davis v. Arkansas Best Freight Sys., Inc.*, 239 Ark. 632, 393 S.W.2d 237 (1965); *accord, Commercial Union Companies v. Smallwood*, 550 P.2d 1261 (Alaska 1976); *Artis v. Industrial Comm'n*, 164 Ariz. 452, 793 P.2d 1119 (Ariz. Ct. App. 1990); *Scheytt v. Industrial Comm'n*, 134 Ariz. 25, 653 P.2d 375 (Ariz. Ct. App. 1982); *Hart v. JJ. Newberry Co.*, 179 Mont. 160, 587 P.2d 11 (1978); 7 LARSON, *supra*, § 79.25(c).

■ The Commission is not "bound by technical or statutory rules of evidence or by technical or formal rules of procedure. . . ." Ark. Code Ann. § 11-9-705(a). That does not end our inquiry. "It is true that the Workmen's Compensation Commission is an administrative agency and that the technical rules of evidence do not apply to its procedure. . ., nevertheless, it has been repeatedly held that a litigant has the right to cross-examine a witness." *Davis*, 239 Ark. at 634, 393 S.W.2d at 238 (citation

---

prevents counsel from marshalling their arguments and proof; it does not dictate an outcome before the Workers' Compensation Commission, or a consideration of some other aspect of due process that we have not discussed.

Finally, we note that the concurrence does not object to the accuracy of our recitation of the law, only to its articulation.

omitted); *see Hart*, 179 Mont. at 162, 587 P.2d at 12. Thus, a hearing before the Commission cannot be conducted in such a way that a party is denied the right to cross-examine an adverse witness.

■ The Commission also has some discretion in the issuance of subpoenas to compel the attendance of witnesses at its hearings. Ark. Code Ann. § 11-9-706(a). Of what moment is the right to cross-examine an adverse witness, if that adverse witness cannot be brought to the hearing by subpoena? The Commission's discretion to issue subpoenas cannot be exercised in such a way that a party is denied a reasonable opportunity to cross-examine an adverse witness. *Cf. Smith*, 276 Ark. at 432, 637 S.W.2d at 538 (in a proceeding before the appeals tribunal, the opportunity to subpoena and cross-examine witnesses is a component of due process). This is consistent with our supreme court's concern for the rights of parties appearing before administrative agencies.

> Where reliance is placed by an administrative agency upon testimony of certain witnesses in making a critical factual determination, it will be an abuse of discretion to fail to hear material evidence which might impeach, not only the testimony, but the findings made by the agency as well. . . . The more liberal the practice in admitting testimony, the more imperative is the obligation to preserve the essential rules by which rights are asserted or defended.

*Arkansas Pub. Service Comm'n*, 262 Ark. at 838-39, 561 S.W.2d at 655 (citations omitted).

■ We do not mean to suggest that parties can rest on their right to cross-examine adverse witnesses in administrative proceedings. In some instances, the right to cross-examine must be reserved in a timely fashion. *See Chambers v. Bigelow-Liptak Corp.*, 233 Ark. 330, 344 S.W.2d 588 (1961). The right to cross-examine may be waived. *See Palazzolo v. Nelms Chevrolet*, 46 Ark. App. 130, 877 S.W.2d 938 (1994).

We want to be clear as to what this opinion does not determine. We do not reach the merits of this matter; we do not decide whether appellant has a valid constitutional claim, and we

do not decide whether there is substantial evidence to support the Commission's award. We simply note that we cannot affirm the Commission's decision, because there is a question whether the appellant's procedural due process claim was properly disposed of below. This question can only be answered after the Commission makes its findings of fact.

Reversed and remanded.

CRABTREE, J., agrees.

PITTMAN, J., concurs.

JOHN MAUZY PITTMAN, Judge, concurring. I agree with the Court's decision to reverse and remand for the Commission to make adequate findings of fact. I write separately to note that the guidance provided to the Commission on remand is mere dicta which binds neither the Commission on remand nor this court in a subsequent appeal. While the general citations of law relating to due process in the majority opinion may be correct, it does not follow that they are apropos in the case at bar, or that the parties and the Commission will find them to be helpful. It must be remembered that the facts of this case have yet to be determined and, as Mr. Justice Jackson stated in *Armour & Co. v. Wantock*, 323 U.S. 126, 132 (1944):

> It is timely again to remind counsel that words of our opinions are to be read in the light of the facts of the case under discussion. To keep opinions within reasonable bounds precludes writing into them every limitation or variation which might be suggested by the circumstances of cases not before the Court. General expressions transposed to other facts are often misleading.