David BARNETT *v.* NATURAL GAS PIPELINE
COMPANY

CA 97-1464                                                      970 S.W.2d 319

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 24, 1998

[Petition for rehearing denied August 19, 1998.]

Lane, Muse, Arman & Pullen, by: Richard S. Muse, for appellant.

Huckabay, Munson, Rowlett & Tilley, P.A., by: Julia L. Busfield, for appellee.

WENDELL L. GRIFFEN, Judge. David Barnett has appealed the decision of the Workers' Compensation Commission that denied his workers' compensation claim upon a finding that he failed to prove by a preponderance of the evidence that his back injury occurred as the result of a specific incident identifiable in time and place of occurrence. On appeal, Barnett asserts that: 1) the Commission erred in failing to find that he was excused from providing notice of his injury to his employer; 2) he has shown with substantial evidence that he sustained a compensable injury identifiable by time and place of occurrence while working for appellee; 3) he has shown by substantial evidence that his back problems were directly and causally related to his employment; and 4) he has shown by substantial evidence that he is entitled to temporary total disability benefits from May 28, 1996, through August 2, 1996. We find no merit in these points and affirm.

Appellant had been employed by appellee for eighteen years as a maintenance worker. On May 28, 1996, appellant was pulling on a water pump when he felt what he termed a "glitch" in his lower back. He claimed that he told a co-worker, Myron Watts, that he had hurt his back earlier that day, and told his foreman, Doyle Hunter, that he was "down in his back" the following morning. However, appellant did not indicate to the foreman or to anyone else in management that he had sustained a work-related injury. Because of past prostate difficulties, appellant testified that he was not sure whether he had experienced a flare-up of that problem, so he went to the emergency room of a local hospi-

tal to see his urologist, Dr. Philip Woodward, who admitted him for testing. The urologist later had appellant undergo prostate surgery, but the back pain did not subside. Dr. Woodward decided that the pain was not due to urological problems and requested an orthopedic consultation from Dr. Bruce Smith, an orthopedic surgeon. Dr. Smith diagnosed appellant with a left lateral bulging disc at the L3-4 levels. Appellant continued to see Dr. Smith until he was released to return to work on August 2, 1996.

Appellant filed a workers' compensation claim on June 24, 1996, seeking disability and medical benefits. Appellee and the insurance carrier controverted the claim in its entirety, contending that appellant did not sustain an injury arising out of and in the course of the employment, alleging that they were not liable for medical treatment obtained before June 24, 1996, due to lack of notice, and contending that appellant was not entitled to temporary total disability payments because he continued receiving his pay during the entire time that he was off work. The administrative law judge (ALJ) found that appellant did not sustain an injury identifiable in time and place of occurrence while working for the respondent, and that he failed to prove, by a preponderance of the credible evidence, that his back problems were directly and causally related to his employment. Barnett appealed to the Commission, which affirmed and adopted the opinion of the ALJ.

■ Appellant's first argument on appeal is that the Commission erred in failing to find that appellant was excused from providing notice of his injury to his employer under Arkansas Code Annotated § 11-9-701(b)(1)(B) (Repl. 1996). Appellee correctly points out that it raised this issue below as an alternative argument in the event that the Commission found that appellant's injury was compensable. Because the Commission found that appellant's injury was not compensable, it did not address this argument. Where appellant's abstract has failed to include any arguments made on these issues before the Commission or any portion of the Commission's order dealing with these issues, we will not address this issue on appeal. *Chambers v. International Paper Co.*, 56 Ark. App. 90, 938 S.W.2d 861 (1997).

Appellant's second and third assignments of error regarding substantial evidence will be addressed together. Appellant contends that there is substantial evidence showing that he sustained a compensable injury identifiable in time and place of occurrence, and that his back problems were causally related to his employment. The applicable standard of review is whether there is substantial evidence supporting the Commission's decision.

■ When reviewing the sufficiency of the evidence to support a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm the Commission's decision if it is supported by substantial evidence. *Stafford v. Arkmo Lumber Co.*, 54 Ark. App. 286, 925 S.W.2d 170 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Cagle Fabricating & Steel, Inc. v. Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993).

■ A compensable injury is defined as

> an accidental injury causing internal or external harm to the body . . . arising out of and in the course of employment which requires medical services which results in disability or death. An injury is accidental only if it is caused by a specific incident and is identifiable by time and place of occurrence.

Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1996). Appellant did not report a work-related injury to either his urologist, Dr. Woodward, or the orthopedist, Dr. Smith. Appellant also waited from May 28 until June 24, 1996, to file a workers' compensation claim, contending that during that time he was at home in severe pain. Appellant contended that he had told a co-worker, Myron Watts, of his injury the same date that it occurred, but when questioned, Watts could not recall a specific date of the injury. Instead, Watts testified that he recalled appellant telling him that he felt stinging in his back as they were putting a cap on a blow-down stack. In response to questions from the ALJ, Watts testified that

the injury occurred while appellant was working with another employee, Otto Crutch, and that after the alleged incident, appellant worked for several weeks.

The foreman, Doyle Hunter, had visited appellant in the hospital while he was recovering from prostate surgery and before he filed a claim for workers' compensation benefits. Hunter testified that although he visited appellant in the hospital and had spoken with appellant "on several occasions during his recovery," no work-related incident was ever mentioned by appellant as the possible source of his back problems. Hunter also testified regarding the events that occurred when appellant indicated that he wanted to file a workers' compensation claim:

> He came in and was recovering from the prostate surgery. Said that he needed to go ahead and file a workmen's comp claim for injuring his back. I asked him then if he wanted to fill it out or wait until the following day, and he said he'd bring it back the next day. But we talked about it and Ms. Barnett was with him. I asked how he had hurt his back, and he said he thought it was pulling on the pump that morning. I had visited him in the hospital and talked to his wife and talked to him on several occasions during his recovery, and it wasn't brought up. I asked about it then, and he said that Dr. Woodward had, in conversation, had asked him if there's a possibility he might have hurt his back on the job. And David [appellant] said, "Well, I don't know." And David told me that Dr. Woodward told him that, "If you don't report it as a workmen's comp claim, you'll just be hanging out there," was [sic] David's words. And I asked David then, I said, "Well, was anybody with you when you hurt, injured your back?" He said no. Later in the day, he had worked with Myron, and I asked David to go ahead and fill out the paperwork. It was that afternoon that I had talked to Otto Crutch and Myron and asked them if they remembered anything at all about David reporting the injury. Both of them, Myron or pardon me, Otto didn't know anything about it. He wasn't with him at the time of the — when he was working on the pump. It was afterwards that he was with — when Otto went over there. Myron told me that the only thing that David had told him was that he had the stinging sensation in his back.

Based on the conflicting testimony, the Commission found that it would require "speculation and conjecture to

attribute the Claimant's back problems with a specific incident identifiable in time and place of occurrence as alleged." This case hinged on credibility, and it is within the province of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Stephens Truck Lines v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997). We cannot say that the Commission erred in finding that appellant failed to prove that he suffered a compensable injury. Appellant's fourth issue addresses temporary total disability, and need not be addressed, since the Commission's decision was correct. Therefore, we affirm.

Affirmed.

ROGERS and CRABTREE, JJ., agree.

PITTMAN, AREY, and MEADS, JJ., dissent.

D. FRANKLIN AREY, III, Judge, dissenting. I respectfully dissent from the majority's affirmance of the Commission's decision. Because we cannot determine the facts upon which the Commission relied in reaching its conclusion, we should reverse and remand this case for the Commission to make specific findings of fact.

The Commission affirmed and adopted the ALJ's opinion. The opinion consists of an accurate recitation of the testimony, followed by numbered conclusions. These conclusions are followed by a section headed "Discussion." The first two paragraphs of the Discussion section are abstracted as follows:

> Rather than conduct a further analysis of the record in this cause, suffice it to say it would require speculation and conjecture to attribute the Claimant's back problems with a specific incident identifiable in time and place of occurrence as alleged.
>
> After reviewing the evidence in this case impartially, without giving the benefit of the doubt to either party, I find that Claimant has simply failed to prove a compensable injury within the meaning of our Workers' Compensation Laws.

When the Commission denies compensation, it is required to make findings of fact sufficient to justify that denial. *Lowe v. Car Care Marketing*, 53 Ark. App. 100, 919 S.W.2d 520 (1996). A

satisfactory, sufficient finding of fact must contain all of the specific facts relevant to the contested issue or issues so the reviewing court may determine whether the Commission has resolved these issues in conformity with the law. *Shelton v. Freeland Pulpwood*, 53 Ark. App. 16, 918 S.W.2d 206 (1996). A finding of fact sufficient to permit meaningful review is a simple, straight-forward statement of what happened. *Id.* Neither a statement that a witness, or witnesses, testified thus and so, nor language that is merely conclusory and does not detail or analyze the facts upon which it is based, will suffice. *Lowe, supra.* Our supreme court provided this example of what might constitute an insufficient finding of fact:

> We think that appellant might have been in position to complain had the commission merely stated its conclusion that appellant had failed to meet her burden of proof or that the evidence was insufficient to show that [appellant's decedent] had suffered an accidental injury arising out of and in the course of his employment.

*Clark v. Peabody Testing Serv.*, 265 Ark. 489, 507, 579 S.W.2d 360, 369 (1979).

In this instance, we are presented with a summary of the testimony and certain conclusions. Unfortunately, we do not have those findings of fact upon which the Commission relied in support of its decision. Maybe "it would require speculation and conjecture to attribute the [appellant's] back problems with a specific incident . . . ." But, what finding of fact supports that conclusion? Was the appellant not credible? If so, the opinion should have stated as much. *See Lowe, supra.* Can one element of the definition of compensable injury only be supplied by "speculation and conjecture," or did appellant altogether fail to meet the definition of compensable injury contained in Ark. Code Ann. § 11-9-102(5)(A)(i)? There are no findings of fact to supply the answers to these questions.

Likewise, the second quoted paragraph of the Discussion section does not constitute a finding of fact. It is in the nature of a conclusion, which does not allow us to make a meaningful review of the case. *See Lowe, supra; Wright v. American Transp.*, 18 Ark. App. 18, 22, 709 S.W.2d 107, 110 (1986).

When the Commission fails to make specific findings upon which it relies to support its decision, reversal and remand of the case is appropriate. *Hardin v. Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991). Because I believe this would be the appropriate disposition of this case on appeal, I respectfully dissent.

PITTMAN and MEADS, JJ., join in this dissent.