James SHELTON *v.* FREELAND PULPWOOD, Cigna
Insurance Companies, and Second Injury Fund

CA 95-515                                            918 S.W.2d 206

Court of Appeals of Arkansas
Division I
Opinion delivered March 20, 1996

*Denver L. Thornton*, for appellant.

*Shackleford, Shackleford, & Phillips, P.A.*, by: *Brian H. Ratcliff*,
for appellees Freeland Pulpwood and Cigna Insurance Companies.

*David L. Pake*, for appellee Second Injury Fund.

JAMES R. COOPER, Judge.

The appellant in this workers' compensation case was injured

in the course of his employment with the appellee, Freeland Pulp-wood. He filed a claim for benefits and asserted that he was totally and permanently disabled. After a hearing, the Commission found that the appellant was not totally and permanently disabled, but had instead sustained a permanent partial disability of 17% to the body as a whole. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in failing to find that he was totally and permanently disabled. We reverse and remand because the Commission's findings are insufficient to justify the denial of benefits.

When the Commission denies compensation, it is required to make findings sufficient to justify that denial. *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). A satisfactory, sufficient finding of fact must contain all the specific facts relevant to the contested issue or issues so the reviewing court may determine whether the Commission has resolved these issues in conformity with the law. *Id.* The Commission must find as facts the basic component elements on which its conclusion is based. *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992).

A finding of fact sufficient to permit meaningful review is a "simple, straightforward statement of what happened . . . not a statement that a witness, or witnesses, testified thus and so." *Wright* v. *American Transportation, supra,* 18 Ark. App. at 21. In the case at bar, the Commission adopted the opinion of the Administrative Law Judge as its own. That opinion is almost exclusively a recitation of testimony, rather than findings based on that testimony. Almost every sentence is preceded by "claimant testified," "Dr. Callaway opined," or similar language and, consequently, we are unable to determine the facts on which the Commission relied in reaching its conclusion. Where, as here, the Commission fails to make specific findings of the fact on which it relies to support its decision, reversal and remand is appropriate.

Reversed and remanded.

PITTMAN and ROGERS, JJ., agree.