SOUTHERN STEEL & WIRE *v.* Debra KAHLER

CA 95-919                                            927 S.W.2d 822

Court of Appeals of Arkansas
Division III
Opinion delivered August 21, 1996

*Walter A. Murray*, for appellant.

*Hough, Hough, & Hughes, P.A.*, by: *R. Paul Hughes III*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Southern Steel & Wire appeals from a portion of the decision of the Workers' Compensation Commission which held that the appellee Debra Kahler was entitled to wage-loss disability. Appellant contends on appeal that the Commission erred in awarding the appellee wage-loss benefits, arguing that the Commission's holding that appellee was not barred from recovering wage loss under Ark. Code Ann. § 11-9-522(c)(2) for misconduct is not supported by substantial evidence. We affirm.

■ On appeal in workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Wright* v. *ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bradley* v. *Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *ITT/Higbie Mfg.* v. *Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1991).

The evidence before the Commission showed that the appellee sustained an admittedly compensable injury to her upper arm and shoulder on February 13, 1993, when she was working for appellant. Appellee was paid appropriate temporary total disability benefits and medical benefits. Appellee was also paid for a permanent anatomical impairment rating to her upper extremity.

Testimony indicated that appellee continued to work for the appellant after her injury, but was "off and on" during her treatment by Dr. Alberty. Testimony further indicated that appellee performed various duties for appellant after her final release from treatment, but she testified that she had difficulties with certain positions to which she was assigned. The appellee was terminated by appellant on October 9, 1993, for what the appellant claimed

was excessive absenteeism.

Appellant controverted any responsibility for the payment of wage-loss disability because appellee had returned to work making the same or higher wages as before her injury. Appellant contended that because appellee was discharged for what appellant considered misconduct due to excessive absenteeism, she was not entitled to wage-loss benefits. Relying on Ark. Code Ann. § 11-9-522(c)(2), appellant argues on appeal that since appellee was discharged for misconduct, she is not entitled to wage-loss disability.

Arkansas Code Annotated section 11-9-522(c) (1987) provides:

> (c)(1) The employer or his workers' compensation insurance carrier shall have the burden of proving the employee's employment, or the employee's receipt of a bona fide offer to be employed, at wages equal to or greater than his average weekly wage at the time of the accident.

> (2) Included in the stated *intent of this section is to enable an employer to reduce or diminish payments of benefits* for a functional disability, disability in excess of permanent physical impairment, which, in. fact, no longer exists, or exists *because of discharge for misconduct in connection with the work,* or because the employee left his work voluntarily and without good cause connected with the work.

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Bradley* v. *Alumax,* 50 Ark. App. 13, 899 S.W.2d 850 (1995). In *Keller* v. *L.A. Darling Fixtures,* 40 Ark. App. 94, 845 S.W.2d 15 (1992), this court stated that it was the employer's burden to prove that the employee was discharged for misconduct connected to the work. Misconduct has been defined in Employment Security Division cases as meaning more than mere inefficiency or unsatisfactory conduct; it is some act of wanton or willful disregard for the employer's interest, a deliberate violation of the employer's rules, or a disregard of the standard of behavior that the employer has a right to expect of his employees. *Baker* v. *Director,* 39 Ark. App. 5, 832 S.W.2d 864 (1992).

The evidence indicated that the appellant's personnel policy provides for termination after nine occurrences. Appellee testified

that she was unable to perform various duties she was assigned by appellant because of pain in her shoulder and arms due to her compensable injury. Appellee testified that approximately half of her absences were attributable to personal sickness and problems with her children and the other half of the absences were attributable to physical difficulties resulting from her compensable injury.

The Commission, which adopted the administrative law judge's opinion, found that the appellee was a credible witness and that her testimony about her absences was accurate. The Commission found that if the appellee's "discharge was for excessive absenteeism not occasioned by the effects of her compensable injuries, it could constitute a 'discharge for misconduct in connection with the work.'" However, the Commission went on to hold that, "If her termination was based (even in part) on absenteeism necessitated by the effects of her compensable injuries, it is [our] opinion that it would not be sufficient to constitute a 'discharge for misconduct in connection with the work.'" The Commission found it was peculiar that the appellee was able to maintain her employment with the appellant for six-and-one-half years and then be terminated for excessive absenteeism less than two months after a final release from her doctor's care. The Commission held that the appellant presented insufficient evidence that the appellee was discharged for misconduct in connection with the work and that she was not precluded from receiving wage-loss benefits.

The Commission found that the appellee was physically restricted in the types of employment she could perform. Appellee was not a high school graduate but was working on her GED at the time of the hearing before the administrative law judge. The Commission found that appellee was well motivated to continue working and that she had sought employment elsewhere. The Commission also found that appellee was pursuing rehabilitation on her own to obtain training in the areas of employment more suited for her current physical restrictions.

■■ The Commission has the duty of weighing the medical evidence as it does any other evidence, and, if the evidence is conflicting, the resolution of the conflict is a question of fact for the Commission. *Mack v. Tyson Foods, Inc.*, 28 Ark. App. 229, 771 S.W.2d 794 (1989). Because the Commission found that the appellee was a credible witness and her absences were in part due to her compensable injury, the Commission's finding that the appellee was

not properly discharged for misconduct in connection with the work is supported by substantial evidence.

Affirmed.

MAYFIELD and GRIFFEN, JJ., agree.