Bucky TILLMAN *v.* BALDWIN & SHELL
CONSTRUCTION

CA 96-1387                                        948 S.W.2d 118

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered July 2, 1997

[Petition for rehearing denied August 20, 1997.]

*Tolley & Brooks, P.A.,* by: *Jay N. Tolley,* for appellant.

*Bassett Law Firm,* by: *William Robert Still, Jr.* and *Scott E. Wray,* for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this workers' compensation case, whose job required heavy lifting, alleged that he developed hemorrhoids as a gradual-onset injury. The administrative law judge denied benefits after concluding that appellant's hemorrhoids were not a compensable gradual-onset injury under the new Act. The Commission adopted the administrative law judge's opinion as its own, and this appeal followed.

For reversal, appellant contends that the Commission erred in ruling that hemorrhoids are not a compensable injury under Ark. Code Ann. § 11-9-102(5)(A)(ii) (Repl. 1996). In addition, he asserts that there is substantial evidence to show that he sustained a compensable injury, and urges us to hold that the record supports a finding of compensability. We find no error, and we affirm.

Appellant's first argument focuses on a distinction between accidental injuries (as defined in Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1996)) and gradual onset injuries (as defined in Ark. Code Ann. § 11-9-102(5)(A)(ii) (Repl. 1996)): accidental injuries are those that are both caused by a specific incident *and* identifiable by time and place of occurrence; gradual onset injuries are those that either are not caused by a specific incident *or* are not identifiable by time and place of occurrence if the injury is (a) caused by rapid repetitive motion, (b) a back injury, or (c) hearing loss. On the basis of this "and/or" distinction, appellant posits that there exists a third type of compensable injury, *i.e.,* a non-back, non-hearing loss, non-repetitive motion injury that is not

caused by a specific incident but that is otherwise identifiable by time and place of occurrence.

██ ██ In essence, appellant argues that the distinction between subsection (i) and subsection (ii) regarding the requirement that an injury be identifiable by time and place of occurrence renders the statute ambiguous, and asks us to construe it so as to expand its meaning. We note that, even if we agreed that the statute was ambiguous, we would be required to subject it to strict construction pursuant to Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996). In any event, we see no ambiguity in the statutory language. The only injuries that have been defined as compensable by the legislature are: accidental injuries, gradual injuries of the three specified types, mental illness, cardiovascular disease, and hernias. *See generally* Ark. Code Ann. § 11-9-102(5) (Repl. 1996). Appellant has demonstrated that there may be a category of injury which has not been included in the statutory definition of compensability and, in effect, asks us to treat this as a legislative oversight. However, the legislature has expressly declared that:

> [T]he extent to which any physical condition, injury or disease should be excluded from or added to coverage . . . shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers' Compensation Commission, or the courts.

Ark. Code Ann. § 11-9-1001 (Repl. 1996). In light of this declaration, and in the absence of any assertion that the injury resulted from rapid repetitive motion, we hold that the Commission correctly found that appellant's hemorrhoids did not constitute a compensable injury under Ark. Code Ann. § 11-9-102(5)(A)(ii) (Repl. 1996).[1]

---

[1] The dissent argues that the Commission's findings of fact are inadequate. We agree that the Commission is required to make findings of fact sufficient to justify the denial of benefits. *Shelton v. Freeland Pulpwood*, 53 Ark. App. 16, 918 S.W.2d 206 (1996). However, the Commission did so in the case at bar. Appellant never contended, either before the Commission or on appeal to this court, that his injury came within any of the three categories of compensable gradual-onset injuries established by Ark. Code Ann. § 11-9-102(5)(A)(ii). After reciting the categories of injury compensable under subsection

█    Finally, appellant asks us to review the record and hold that the evidence supports a finding that he suffered a compensable injury. In light of our holding that the injury appellant assertedly sustained was not compensable, we need not address this issue. We note, however, that even had we agreed with appellant's initial argument, we would lack the authority to make findings of facts and remand for an award of benefits. Our review is governed by Ark. Code Ann. § 11-9-711(b)(4) (Repl. 1996), which states that:

> The court shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the order or award, upon any of the following grounds, and no other:
>
> (A) That the commission acted without or in excess of its powers;
>
> (B) That the order or award was procured by fraud;
>
> (C) That the facts found by the commission do not support the order or award;
>
> (D) That the order or award was not supported by substantial evidence of record.

Affirmed.

ROBBINS, C.J., and AREY, GRIFFEN, and ROAF, JJ., agree.

MEADS, J., dissents.

MARGARET MEADS, Judge, dissenting. I cannot agree with the majority in this case, because I believe the findings of the Administrative Law Judge (ALJ), which were affirmed and adopted by the Commission, are not sufficient. I would reverse and remand for additional findings to be made, so that appellant will know the reason why his claim was denied. I would not reach the issue of statutory interpretation, as the majority has done.

---

(ii), the Commission denied relief, explaining that the Act set forth only three types of gradual-onset injuries, and the claimant's hemorrhoids did not fall within any of those categories. Although the Commission's findings were brief, they were sufficient to allow us to determine whether the Commission resolved the issues before it in conformity with the law, and that is all that is required. *See Shelton v. Freeland Pulpwood, supra.*

A claimant is entitled to know the factual findings upon which his claim is denied. *Wright vs. American Transp.*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). When the Commission denies compensation, it is required to make findings sufficient to justify that denial. *Id.* The Commission must find as facts the basic component elements on which its conclusion is based. *Cagle Fabricating & Steel, Inc. v. Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992). While the Commission may specifically adopt the findings of fact made by the ALJ, it is necessary under such circumstances that the ALJ have made sufficient findings. *Lowe v. Car Care Marketing*, 53 Ark. App. 100, 919 S.W.2d 520 (1996).

In the present case, the ALJ's opinion includes a section entitled "Findings & Conclusions" which simply states:

1. The Arkansas Workers' Compensation Commission has jurisdiction of this claim.

2. On all pertinent dates the relationship of employee-employer existed between the parties.

3. The claimant has failed to prove that he sustained a compensable injury as defined by Ark. Code Ann. § 11-9-102(5)(A)(ii)(a), (b), and (c).

4. This claim should be denied in its entirety.

None of these "findings" give any indication of the basis on which appellant's claim was denied. Did the Commission determine that this claimant's injury is not compensable because his physician could not state within a reasonable degree of medical certainty that the injury was work-related? Or did the Commission determine that hemorrhoids are never compensable under Act 796 of 1993? Or was the claim denied for some other reason?

Appellant has asked that we remand this matter for proper fact finding in line with the proof or, alternatively, to use our "inherent authority to find that the record substantiates in favor of

a finding of compensability." However, we do not review the Commission's decisions de novo on the record or make findings of fact that the Commission should have made but did not. Our function is to review the sufficiency of the evidence to support the Commission's findings, and when it fails to make specific findings, it is appropriate to reverse and remand for the Commission to make such findings. *Sonic Drive-In v. Wade*, 36 Ark. App. 4, 816 S.W.2d 889 (1991).

For these reasons, I would reverse.