GEORGIA-PACIFIC CORPORATION *v.* Johnny CARTER

CA 97-836                                          969 S.W.2d 677

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered May 27, 1998

*Rose Law Firm, A Professional Association*, by: *James M. Gary*, for appellant.

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Norwood Phillips*, for appellee.

WENDELL L. GRIFFEN, Judge.  Georgia-Pacific has appealed the decision of the Workers' Compensation Commission finding that the appellee, Johnny Carter, suffered an injury causally related to the work, and that he was entitled to temporary total disability benefits and payment of reasonable medical expenses.  Appellant raises two issues on appeal: (1) that the Commission erred in finding that the appellee sustained an injury arising out of and in the course of his employment; and (2) alternatively, that the Commission erred in finding that the appellee's period of temporary total

disability and attendant expenses were causally related to the injury. We disagree and affirm the Commission's ruling.

Since 1964, appellee had worked for appellant as a "B-Operator," with duties that required him to perform work on boilers. On September 24, 1994, while obtaining a water sample from a boiler, appellee stepped in a puddle covered with algae, slipped, and turned his left knee. He reported the injury to his foreman the same day, but did not seek immediate medical attention because he thought the injury was a sprain and would heal on its own. Six weeks after the injury, appellee sought treatment for his left knee from Dr. D.L. Toon, his family physician, who prescribed medication for his injury. Appellee had seen Dr. Toon regarding knee problems in the past, which is a source of contention by the appellant. Appellee returned to light-duty work at the direction of his supervisors.

On April 27, 1995, appellee sought treatment from Dr. Toon again for an unrelated heart problem and underwent a treadmill stress test. As the speed of the treadmill increased, the condition of appellee's left knee worsened. As a result of appellee's problems with his knee, Dr. Toon determined that he was temporarily and totally disabled from April 27, 1995, through May 27, 1995. In an opinion filed April 8, 1997, the Commission affirmed the decision of the ALJ finding that the appellee proved by a preponderance of the evidence that his knee injury was causally related to his employment and that he was entitled to temporary total disability benefits.

■ ■ Appellant first contends that the Commission erred in finding that the appellee sustained an injury arising out of and in the course of his employment. In reviewing the factual findings of the Commission, we view the evidence in the light most favorable to those findings, and must affirm if the findings are supported by substantial evidence. *Chamber Door Indus., Inc. v. Graham*, 59 Ark. App. 224, 956 S.W.2d 196 (1997). Substantial evidence is that relevant evidence which reasonable minds might accept as adequate to support a conclusion. *Roberson v. Waste Mgmt.*, 58 Ark. App. 11, 944 S.W.2d 858 (1997).

■ ■     Appellee had the burden to prove the compensability of his claim by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(5)(E)(i) (Repl. 1996); *Jordan v. Tyson Foods, Inc.*, 51 Ark. App. 100, 911 S.W.2d 593 (1995).   The main issue of this case, whether appellee's left knee problems were causally related to his employment, hinges on credibility.  Questions of credibility are matters within the province of the Workers' Compensation Commission. *James River Corp. v. Walters*, 53 Ark. App. 59, 918 S.W.2d 211 (1996).  Appellee was the only witness at the hearing, and no one witnessed the September 24, 1994, accident. After the accident, appellee immediately notified his foreman.  He waited for approximately six weeks before seeking medical attention because he thought he had only sprained his knee and that it would eventually heal.  Appellee initially treated his pain with over-the-counter pain medications, but his pain continued to worsen over time.   Appellee experienced increased pain while walking on a treadmill at a fast pace as part of a stress test to monitor his heart.  Thereafter, Dr. Toon opined that appellee was temporarily and totally disabled from April 27, 1995, until May 27, 1995.

Appellant points to the entries found in Dr. Toon's medical notes that appellee sought medical treatment in 1980 for back pain that radiated down his left leg and into the knee.  Other reports in November and December 1984 indicate that appellee sought treatment for pain in his left knee.  Appellee explained that he never had left knee problems prior to the September 1994 accident, but that he had seen Dr. Toon in 1991 for right knee pain after a cow ran into him.  Appellee explained that Dr. Toon must have made a mistake in documenting left knee pain.

■    We cannot undertake a *de novo* review of the evidence and are limited by the standard of review in workers' compensation cases.  Although there are contradictions in the evidence, it is within the province of the Workers' Compensation Commission to reconcile conflicting evidence and to determine the true facts. *Arkansas Dep't of Health v. Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993).  The issue is not whether this court might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds

could reach the conclusion of the Workers' Compensation Commission, its decision must be affirmed. *Southern Steel & Wire v. Kahler*, 54 Ark. App. 376, 927 S.W.2d 822 (1996). The Commission's decision on this issue is supported by substantial evidence.

For its second assignment of error, appellant argues, alternatively, that the Commission erred in finding that appellee was entitled to temporary total disability and medical benefits, contending that they are not causally related to his injury. Appellant raises the fact that appellee continued to perform his regular job duties for a period of approximately seven months following his September 1994 injury. Appellant suggests that appellee did not begin experiencing problems with his left knee until he took the treadmill stress test, and that this incident could not trigger disability benefits because the injury was not related to his work. Appellant alternatively argues that appellee's disability, if any, resulted from an independent intervening cause.

■ ■ Temporary total disability is that period within the healing period in which a claimant suffers a total incapacity to earn wages. *Stafford v. Arkmo Lumber Co.*, 54 Ark. App. 286, 925 S.W.2d 170 (1996). The healing period is that period for healing of an injury which continues until the claimant is as far restored as the permanent character of the injury will permit. *Roberson, supra.* There is evidence in the record that supports the conclusion that appellee's healing period had not ended. He testified that his knee had been painful since the September 1994 injury and remained painful before he took the treadmill stress test, but that the pain worsened in intensity during the test. The Commission believed his testimony, and we do not second-guess its credibility judgments. Because appellee was unable to perform his work duties until his knee had healed, Dr. Toon determined that appellee was temporarily totally disabled for a month.

■ ■ Turning to appellant's argument that appellee's disability resulted from an independent intervening cause, the Commission determined that the increased pain appellee suffered after the stress test was a recurrence of the September 1994 injury. The test for determining whether a subsequent episode is a recurrence or an aggravation is whether the subsequent episode was a

natural and probable result of the first injury or if it was precipitated by an independent intervening cause. *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). If there is a causal connection between the primary and the subsequent disability, there is no independent intervening cause unless the subsequent disability is triggered by activity on the part of the claimant which is unreasonable under the circumstances. *Guidry v. J & R Eads Constr. Co.*, 11 Ark. App. 219, 669 S.W.2d 483 (1984). The Commission found appellee's testimony that he did not reinjure his left knee during the treadmill stress test to be credible. Appellee's knee was already causing him pain, which intensified during the stress test. Taking the stress test was not an activity that was unreasonable under the circumstances.

Affirmed.

PITTMAN, NEAL, MEADS, and ROAF, JJ., agree.

AREY, J., dissents.

D. FRANKLIN AREY, III, Judge, dissenting. I do not think the Commission's opinion contains adequate findings of fact on the issue of the causal relationship between appellee's injury and his employment. *See Shelton v. Freeland Pulpwood*, 53 Ark. App. 16, 918 S.W.2d 206 (1996). Therefore, I dissent.