## Marie CAFFEY *v.* SANYO MANUFACTURING CORPORATION

CA 03-943                                            154 S.W.3d 274

Court of Appeals of Arkansas
Division I
Opinion delivered March 10, 2004

*Keith Blackman*, for appellant.

*Robert J. Donovan*, for appellee.

JOSEPHINE LINKER HART, Judge. Marie Caffey appeals the Workers' Compensation Commission's denial of benefits for injuries she suffered after slipping and falling in appellee's manufacturing plant just minutes before she clocked in at the beginning of her shift. For reversal, appellant argues that because the sole question presented at the hearing concerned whether she was performing employment services at the time the injury occurred, the Commission erred in denying benefits based on her failure to present medical evidence of her injuries, supported by "objective findings." On cross appeal, appellee, Sanyo Manufacturing Corporation, concedes that the sole issue tried at the hearing was whether appellant was performing employment services. Appellee, however, does argue that the Commission erred in finding that appellant was performing employment services at the time of her injury. We reverse on appeal and affirm on cross appeal.

Testifying that she had been employed with appellee for thirty-seven years, appellant stated that on December 14, 2001, she arrived at the plant at approximately 7:20 a.m. As required by appellee, appellant showed her identification badge to a guard at the entrance of the parking lot. After parking her vehicle, she walked to a second guard shack where she displayed her identification badge to another guard. She then walked through double-doors into the plant and down the hallway to the clock-in station. Appellant fell within five feet of the clock.

After several co-workers helped her from the floor, appellant's injuries were checked by the company nurse before she went to work. Later, when appellant began hurting in her groin and right knee, she returned to the nurse's office. Appellant was then treated by Dr. Sudhir Kumar, the plant physician. Appellant did not return to work that day or the following day. Appellant was also seen by Dr. Apurva Dalal, an orthopedic surgeon. At the hearing, appellant stated that she was "still working although work aggravates" her condition and that she had not been off work except when Dr. Kumar had taken her off work and when she attended her doctor's appointments.

Christine Bogan, a thirty-three-year employee of appellee, testified that she saw appellant on the morning of December 14, 2001. According to Bogan, she was walking toward the clock-in location when she saw two other employees assisting appellant from the floor. She noticed that there was water on the floor that had been "tracked in" by other employees entering the area.

Sandra Taylor, the manager of appellee's human resources department, stated that appellant was an hourly employee and that appellant's pay would not begin until 7:30 a.m., which was the start time of the factory line. Taylor's records establish a clocked in-time for appellant as 7:20 a.m. on the date of her injury. Taylor also noted that employees must show identification at the guard shack in the street before parking their vehicles and again at a second guard shack before entering the plant. Taylor stated that appellant was approximately 200 feet from her work station when the injury occurred.

In reviewing a decision of the Workers' Compensation Commission, this court views the evidence and all reasonable inferences in the light most favorable to the findings of the Commission. *Swift-Eckrich, Inc. v. Brock*, 63 Ark. App. 118, 975 S.W.2d 857 (1998). These findings will be affirmed if supported by

substantial evidence. *Georgia-Pacific Corp. v. Carter*, 62 Ark. App. 162, 969 S.W.2d 677 (1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Wackenhut Corp. and St. Paul Fire & Marine Ins. Co. v. Jones*, 73 Ark. App. 158, 40 S.W.3d 333 (2001). In an appeal from the Workers' Compensation Commission, the question is not whether the evidence would have supported findings contrary to those of the Commission; rather, the decision of the Commission must be affirmed if reasonable minds might have reached the same conclusion. *See Dallas County Hosp. v. Daniels*, 74 Ark. App. 177, 47 S.W.3d 283 (2001).

For her sole point on appeal, appellant argues that the Commission erred in considering and adjudicating her case on the basis of whether there was medical evidence of her injuries based on objective findings. Appellant contends that the critical issue to be determined by the ALJ was whether she was involved in employment services at the time of her injury and that this issue was the only issue litigated by the parties.

Prior to the hearing, both parties announced that the compensability of appellant's claim was the issue to be presented. Both parties stated that they recognized and understood that the only issue to be tried was the compensability of appellant's claim. This understanding was made known to the ALJ at the hearing. Here, appellee agrees that the case was adjudicated solely on the issue of whether appellant was performing employment services at the time she suffered the injury. However, appellee argues that any error is harmless because the case should be reversed on other grounds.

In *Arkansas Secretary of State v. Guffey*, 291 Ark. 624, 727 S.W.2d 826 (1987), our supreme court held that it is error for the Commission to base its denial of benefits on a finding of fact that was not an issue or developed by evidence. Because both parties agreed to limit the issue to be presented and the record establishes that the case was adjudicated solely on the issue of whether appellant was performing employment services, we reverse the Commission on direct appeal.

As noted above, the Commission found that appellant was performing employment services when the injuries occurred. On cross-appeal, appellee asserts that appellant was not performing employment services at the time she sustained the injuries, and therefore, her claim should be denied in its entirety. For reversal,

appellee adopts the statements made by Commissioner Yates in his concurring and dissenting opinion. Commissioner Yates noted that appellant was an hourly employee who was required to clock-in before reporting to her work station by 7:30 a.m. Further, Yates noted that appellant slipped and fell after she entered the building but before she clocked in. Yates argues that the facts of this case are similar to those in *Hightower v. Newark Public School System*, 57 Ark. App. 159, 943 S.W.2d 608 (1997). In *Hightower*, the claimant was injured when she fell on her employer's parking lot before entering her work area. In the present case, the Commission, adopting the opinion of the ALJ, found that appellant was performing employment services at the time of her fall, citing *Shults v. Pulaski County Special School District*, 63 Ark. App. 171, 976 S.W.2d 399 (1998). In *Shults*, the claimant, a school custodian who had just arrived at work and had not clocked in, fell while entering the school building to disarm the alarm. This court found the injury compensable because the claimant was on his way to check the alarm system, a duty that advanced his employer's interest.

A "compensable injury" is defined as "an accidental injury . . . arising out of and in the course of employment . . . ." Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2003). A compensable injury does not include an "[i]njury which was inflicted upon the employee at a time when employment services were not being performed . . . ." Ark. Code Ann. § 11-9-102(4)(B)(iii) (Supp. 2003). An employee is performing "employment services" when he or she "is doing something that is generally required by his or her employer." *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 478, 6 S.W.3d 98, 100 (1999). The test for determining whether the employee was performing employment services at the time of the injury is "whether the injury occurred within the time and space boundaries of the employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interest directly or indirectly." *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002).

In the case at bar, appellant was required to exhibit her identification before entry into the parking lot. After parking her vehicle, she was required by her employer to walk to a second guard shack and again display her identification badge. Then, appellant was required to enter the manufacturing plant, walk down a hallway, and clock in. Although all of these were requirements of her employer, appellant was not paid until she was at her

work station and her shift began at 7:30 a.m. The testimony demonstrates that appellant arrived in sufficient time to perform the identification procedure and clock in although she was not paid for her compliance. We do not, however, view payment for these services as determinative of employment services. Appellant's actions were not only required by appellee, but the acts also advanced appellee's interest. We hold that substantial evidence supports the Commission's decision that claimant was performing "employment services" when she slipped and fell on her way to clock in for the morning shift and therefore, affirm on cross appeal.

Reversed on direct appeal; affirmed on cross appeal.

CRABTREE and ROAF, JJ., agree.