2009 Ark. App. 786

Intong SIVIXAY, Appellant,

v.

DANAHER TOOL GROUP, Appellee.

No. CA 09–420.

Court of Appeals of Arkansas.

Nov. 18, 2009.

Rehearing Denied Jan. 6, 2010.

Osborne & Baker, by Ken Osborne, Fayetteville, for appellant.

Jarrod S. Parrish, Little Rock, for appellee.

COURTNEY HUDSON HENRY, Judge.

Appellant Intong Sivixay appeals the decision of the Arkansas Workers' Compensation Commission denying his claim for wage-loss benefits. For reversal, he contends that the Commission's findings are not supported by substantial evidence. We agree and reverse and remand for proceedings consistent with this opinion.

The record reflects that appellant, age forty-seven, began his employment with appellee Danaher Tool Group in 1989. In September 2002, he worked in the forge department, as he had done for the past five or six years. Appellant's duties required him to use a ten-pound prong to lift a fifteen-pound, super-heated piece of steel from a heater onto a hammer machine. After the hammering process, appellant placed the steel into a trimmer. Appellant transferred six to seven hundred pieces of steel in this fashion every day.

On September 14, 2002, appellant sustained a work-related injury when a piece of hot metal penetrated his abdomen. According to the medical reports, the incident involved a missile-type injury and a thermal injury as well. As a result, appellant underwent four surgeries, including the resection of eighty percent of his stomach, the resection of the left one-half of his liver, the resection of a significant length of his transverse colon, and the resection of multiple feet of the small intestine. Appellant also underwent a procedure to reverse his colostomy.

Appellant returned to work with a colostomy at light duty in the assembly department in January 2003. At first, appellant worked only two hours a day, but he gradually increased his workload to an eight-hour day. Appellant has continued under the care of a doctor for the treatment of chronic digestive difficulties, and in November 2004, appellant saw Dr. Gary Moffitt for an independent medical examination. In his report, Dr. Moffitt stated that appellant had reached maximum medical improvement, and the doctor assigned a permanent anatomical impairment rating of thirty-five percent.

Following Dr. Moffitt's report, appellant submitted a claim seeking additional temporary total or temporary partial disability benefits. He also claimed entitlement to wage-loss benefits in addition to the anatomical impairment rating assessed by Dr. Moffitt. Appellee accepted and paid the thirty-five percent impairment rating but controverted appellant's claim for wage-loss and further temporary disability benefits.

At the hearing before the administrative law judge in September 2008, appellant testified that he weighed 110 pounds in September 2002 but that his weight had fluctuated since the accident. He said that he currently weighed somewhere between 90 and 100 pounds. Appellant said that the injury has affected his eating habits. He stated that he cannot eat much at one time and that he vomits and has trouble digesting his food. He takes medication to alleviate his digestive problems. Appellant said that he had not regained his strength following the injury and that he grows tired after physical exertion.

Appellant further testified that he earned $12.86 per hour in his present job as a machine operator and that he was earning more than $17 an hour when he worked in the forge department. He agreed that appellee had offered him a position in the forge department. Appellant said that he declined that job because he was not physically capable of performing the required duties, which he described

as being physically demanding. He testified that he experiences pain, becomes dizzy, and has headaches after lifting heavy objects. Appellant stated that he also could not do yard work or other activities of that nature at home and that he relied on his wife to do those chores.

Kay Henson, appellant's supervisor, testified that she offered appellant his former position in the forge department in 2005 when appellant was released to full duty. She said that appellant did not accept this job and that she was not aware of appellant being placed under any restrictions. Henson also testified that employees receive higher wages in the forge department due to the skill level required and because "[i]t's hot, it's hard, [and] very physical."

The law judge also received into evidence the report authored by Dr. Moffitt. Dr. Moffitt indicated that appellant suffered a significant amount of permanent impairment in assigning the thirty-five percent permanent impairment rating associated with the injuries to appellant's abdomen and digestive system. He stated that appellant suffered from "dumping syndrome" and had problems maintaining nutrition. Dr. Moffitt also observed that appellant weighed ten to twenty percent below his desired weight and that appellant had symptoms of organic upper digestive tract disease. Dr. Moffitt observed that appellant's "physical activity is limited somewhat due to his weakness in association with his disorder," and the doctor noted appellant's need to take frequent breaks from work to eat.

The law judge denied appellant's claim for additional temporary benefits but found that appellant had suffered a loss in wage-earning capacity in the amount of twenty-five percent. Appellee pursued an appeal to the Commission to protest the award of wage-loss benefits. The Commission reversed the law judge's decision, finding that appellant was ineligible for wage-loss benefits because appellant refused a bona fide and reasonably obtainable offer of employment at the same wages he was earning at the time of the accident.

Appellant argues on appeal that substantial evidence does not support the Commission's decision. He contends that the evidence shows that he is not physically capable of returning to his job in the forge department. Appellant asserts that his lack of capacity is supported by Dr. Moffitt's report that his physical activities are limited as a result of weakness associated with his condition.

The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Wal–Mart Stores, Inc. v. Connell*, 340 Ark. 475, 10 S.W.3d 882 (2000). When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based upon wage-loss factors. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark.App. 228, 201 S.W.3d 449 (2005). The Commission is charged with the duty of determining disability based upon a consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience. *Id.* Motivation, post-injury income, credibility, demeanor, and a multitude of other factors are matters to be considered in claims for wage-loss disability benefits in excess of permanent physical impairment. *Henson v. Gen. Elec.*, 99 Ark.App. 129, 257 S.W.3d 908 (2007). A claimant's lack of interest in pursuing employment with his employer and negative attitude in looking for work are impediments to the full assessment of wage loss. *Logan County v. McDonald*, 90 Ark.App. 409, 206 S.W.3d 258 (2005).

An employee who is extended a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident is not entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment. Ark.Code Ann. § 11–9–522(b)(2) (Repl.2002). The [6]employer has the burden of proving a bona fide offer of employment. Ark.Code Ann. § 11–9–522(c)(1).

In reviewing decisions from the Workers' Compensation Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Johnson v. Latex Constr. Co.,* 94 Ark.App. 431, 232 S.W.3d 504 (2006). Substantial evidence exists if reasonable minds could reach the same conclusion. *Whitlatch v. Southland Land & Dev.,* 84 Ark.App. 399, 141 S.W.3d 916 (2004). When a claim is denied because the claimant has failed to show an entitlement to compensation, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Johnson, supra.* Questions concerning the credibility of witnesses and the weight to be give their testimony are within the exclusive province of the Commission. *Patterson v. Ark. Dep't of Health,* 343 Ark. 255, 33 S.W.3d 151 (2000). However, these standards must not totally insulate the Commission from judicial review because this would render this court's function meaningless in workers' compensation cases. *Bohannon v. Walmart Stores, Inc.,* 102 Ark.App. 37, 279 S.W.3d 502 (2008).

In denying appellant's claim for wage-loss benefits, the Commission noted that appellant was released to full duty without restrictions and had reached maximum medical improvement in November 2004. The Commission also observed that in 2005 appellee offered appellant his former position in the forge department but that he refused that job in [7]favor of one that paid less wages. The Commission gave little weight to appellant's claim that he was unable to perform his previous job. In making that determination, the Commission observed that appellant performed his current job without apparent difficulty and that appellant had made no attempt to return to his former position.

■■ From our review of the record, we cannot conclude that the Commission's decision displays a substantial basis for the denial of relief. The question before the Commission was whether the job in the forge department was a bona fide offer of employment that disqualified appellant from receiving wage-loss benefits. Obviously, an employee must be capable of performing the required job activities in order for the proposed position to be considered a bona fide offer of employment. According to the description of the job and appellee's own witness, the work in the forge department takes place in a hot environment, and the job is strenuous and physically demanding. Following the accident, appellant underwent multiple surgeries that involved the removal of eighty-percent of his stomach, multiple feet of the small intestine, a significant portion of the transverse colon, and half of his liver. As a result, appellant suffers from digestive maladies that have caused a significant loss in weight that he has not been able to regain in the six years following the accident. Dr. Moffitt opined, and appellee accepted, that appellant sustained a significant degree of physical impairment of thirty-five percent, noting that appellant's "physical activity is somewhat limited due to his weakness" associated with his chronic condition. Based on the objective evi-

dence, the Commission's decision that the position in the forge department was a bona fide offer of employment defies common sense and logic. Reasonable persons with the same facts before them could not conclude that a 100–pound man, who has trouble eating and maintaining nutrition and whose weight fluctuates due to digestive problems caused by the resection of large portions of his internal organs, is physically capable of performing a labor-intensive job in a hot environment on a day-to-day basis. Accordingly, we reverse the Commission's decision and remand for proceedings consistent with this opinion.

Reversed and remanded.

KINARD, GRUBER, BAKER, and BROWN, JJ., agree.

ROBBINS, J., dissents.

JOHN B. ROBBINS, Judge, dissenting.

Viewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's finding, as we must, I would affirm the Commission's decision denying Mr. Sivixay's claim for wage-loss benefits. Therefore, I respectfully dissent from the majority opinion.

Like the majority, I recognize the severity of the compensable injury. However, there was no medical opinion restricting Mr. Sivixay from returning to the forging job, and Dr. Moffitt indicated that the 35% impairment is associated with digestive problems, requiring restrictions allowing appellant to take frequent breaks to eat. Mr. Sivixay returned to full-time duty as a machine operator, apparently with little difficulty. As far as physical restrictions, Mr. Sivixay's testimony indicated significant ones but evidently it was not credited by the Commission. Dr. Moffitt did document some pain and weakness, and stated that appellant's physical activity is somewhat limited. But Mr. Sivixay's refusal to attempt the forging job was an impediment to determining whether it was a job he could perform. Leaving it to the Commission to assess credibility and weigh the medical evidence, I think there was a substantial basis to support its decision that Mr. Sivixay is not entitled to wage-loss benefits because he was offered, and refused, a bona fide and reasonably obtainable offer to be employed at the same wages.

Mr. Sivixay has cited only a single case, a June 4, 2008 opinion from our court not designated for publication, in support of his claim that there was no bona fide offer in this case. However, it is without citation to any authority that the majority forcefully asserts, "Obviously, an employee must be capable of performing the required job activities in order for the proposed position to be considered a bona fide offer of employment." I submit that not only is there substantial evidence in the record to support the Commission's finding that appellee's offer was bona fide, i.e., genuine and in good faith, but also there is no evidence to the contrary.