2010 Ark. App. 294

**Grady MARTIN Jr., Appellant**

v.

**JENSEN CONSTRUCTION COMPANY, St. Paul Mercury Insurance Co., and Death & Permanent Total Disability Trust Fund, Appellees.**

**No. CA 09–210.**

Court of Appeals of Arkansas.

April 7, 2010.

Rehearing Denied May 12, 2010.

Jason Horton, Harrelson, Horton & Matteson, P.A., Texarkana, AR, for appellant.

Joseph E. Kilpatrick, Jr., Kilpatrick, Williams, Smith & Meeks, L.L.P., Little Rock, for Appellees.

RITA W. GRUBER, Judge.

This workers' compensation case involves appellant Grady Martin Jr.'s claims for a compensable neck injury. Appellee Jensen Construction Company initially accepted the compensability of the injury, which Martin sustained in September 1999 when he fell from a ladder onto rip-rap. Martin underwent separate cervical surgeries in January and December 2001, first at level C3–4 and then at C5–6. Jensen controverted benefits after the second surgery, and a hearing took place before an administrative law judge in 2003. The law judge issued an opinion that subsequently was appealed to the Workers' Compensation Commission. In 2005 the Commission awarded Martin a twenty-five-percent wage-loss disability beyond his fifteen-percent anatomical impairment and found that he had proven entitlement to medical treatment related to his compensable cervical injury, including the two surgeries. The Commission found that a lumbar MRI was not reasonably necessary in connection with the compensable injury, that Martin had not sustained a lumbar injury, and that he was not entitled to treatment for his lumbar spine as a compensable consequence of the cervical injury. The 2005 decision was not appealed to this court.

In February 2006 Martin underwent surgery at a third level of his cervical spine, C4–5. Litigation ensued when he claimed additional benefits, asserting that his physical condition had worsened since the time of the Commission's decision in 2005. The parties stipulated at a 2008 hearing that the Commission's 2005 decision was final and had become the law of the case. The administrative law judge found that Martin failed to prove that he was permanently disabled or was entitled to additional wage loss beyond the 2005 award. The Commission adopted and affirmed the law judge's opinion in a decision of January 6, 2009.

The Commission refused in its 2009 decision to revisit its specific finding in 2005 that Martin had not sustained a compensable lumbar injury, noting that it was res judicata and the law of the case. The Commission found that Martin had proven that medical treatment related to the cervical spine, including the third cervical surgery, was reasonable, necessary, and related to his compensable neck injuries; he had proven entitlement to an additional two percent whole-body anatomical impairment due to the third surgery; he had failed to prove that he was permanently and totally disabled; and he had failed to prove entitlement to additional wage-loss

disability beyond that already awarded by the 2005 opinion. Martin now appeals the Commission's decision, raising two points. He contends that substantial evidence does not support the denial of his claims for permanent total disability or additional wage-loss disability benefits beyond the 2005 award. We discuss the two points as one, and we affirm.

■ The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Sivixay v. Danaher Tool Group,* 2009 Ark. App. 786, 359 S.W.3d 433. When a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating based upon wage-loss factors. *Id.* The Commission is charged with the duty of determining disability based upon a consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience. *Id.; see* Ark.Code Ann. § 11–9–522(b)(1) (Repl.2002). Permanent total disability is the inability, because of compensable injury, to earn any meaningful wages in the same or other employment. *See* Ark.Code Ann. § 11–9–519(e)(1) (Repl. 2002).

■ The injured party bears the burden of proof in establishing entitlement to benefits under the Worker's Compensation Act and must sustain that burden by a preponderance of the evidence. *Dearman v. Deltic Timber Corp.,* 2010 Ark. App. 87, 377 S.W.3d 301. It is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Stone v. Dollar Gen. Stores,* 91 Ark.App. 260, 209 S.W.3d 445 (2005). The evidence is viewed in the light most favorable to the Commission's decision, and the decision will be affirmed when it is supported by substantial evidence. *Ester v. Nat'l Home Ctrs., Inc.,* 335 Ark. 356, 981 S.W.2d 91

(1998). Substantial evidence exists if fair-minded persons could reach the same conclusion when considering the same facts. *Id.* Where the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Frances v. Gaylord Container Corp.,* 341 Ark. 527, 20 S.W.3d 280 (2000).

■ At the time of the hearing, appellant was forty-eight years old with a ninth-grade education. He testified that before the third surgery, he felt as if he were becoming paralyzed: he required help in the shower because he could not use his hands to hold soap, he could hardly move his legs, and he had numbness from the neck down. He testified that the third surgery helped but the pain afterward increased, and it had been suggested that he needed a morphine pump. He said he was taking Excedrin three to four times a day and experienced excruciating pain daily. He said he could walk only seven to eight minutes at a time, had pain when standing or sitting too long, and had pain when he tried to perform housework or drive a vehicle. He testified that he had been determined permanently and totally disabled for purposes of social security.

Additionally, Martin testified that his neck was better, he felt better after his third surgery, and he had told his surgeon that the surgery was very, very helpful and that he was happy about it. He said that at the time of his 2003 hearing, drowsiness from a previous medication had been a primary reason he had felt that he could not work. He testified that he no longer took the same medicine and no longer had the cane he had used at the first hearing. He also said he had gone fishing five times the previous month, could drive his car, and could use a self-

propelled lawnmower, although it hurt him. He said that his lower back had gotten worse and worse, and so had his neck. Other problems he testified to were tiredness and weakness; pain inside his ears that affected his jaws and went to his hands, legs, and feet; pain all over his body almost every day; and nausea, vomiting, heartburn, abdominal gas, and irritability.

A March 1, 2006 report by Martin's surgeon, Dr. Lee M. Buono, stated that Martin could walk without a cane and that he and his wife were ecstatic with the results of the third surgery, which the doctor concluded was a "home run." On April 3, 2006, Dr. Buono reported that Martin's numbness and walking were "much better," he was still doing quite well and was very happy with the surgery results, he was experiencing some swelling but no significant pain, and Mobic would be started for arthritis in his joints. On June 5, 2006, Dr. Buono reported that Martin was walking better since the surgery, the strength in his hands had improved, he would be given Lyrica and a muscle simulator for a muscle spasm in his neck, and overall he was "well healed . . . and much improved."

On September 6, 2006, Dr. Buono opined that the 2006 surgery was successful but that Martin was permanently disabled and unable to return to gainful employment because of neuropathy, spinal cord injury, cervical spondylosis, chronic pain, and resulting permanent dysfunctions in walking, balance, and fine-motor movement. Dr. James Michaels, who performed an impairment rating on April 13, 2007, also opined that appellant was permanently totally disabled.

Martin points to the opinions of Dr. Buono and Dr. Michaels, and he argues that the Commission misinterpreted the limited success of his third surgery. In light of his age, limited education, history of manual labor, lack of technical training or sedentary work, and physical limitations, he contends that he is permanently and totally disabled. He cites such cases as *Hunter Wasson Pulpwood v. Banks,* 270 Ark. 404, 605 S.W.2d 753 (1980), and *Whitlach v. Southland Land & Dev.,* 84 Ark.App. 399, 141 S.W.3d 916 (2004), where the claimants were determined to be totally and permanently disabled. The *Hunter* court affirmed the Commission's determination, in part because of the Commission's power to resolve conflicting medical evidence. The *Whitlach* court, noting factors such as severe side effects of necessary narcotic medication that was taken daily, an MRI showing significant post-surgical scarring around a nerve root, and the opinions of a vocational expert as well as the claimant's doctors, found that reasonable minds could not come to the Commission's conclusion that the claimant was less than totally and permanently disabled. We employ those same standards of review in the present case.

Noting Martin's testimony and the three reports of Dr. Buono, the Commission concluded that "the only change in physical condition" related to Martin's compensable cervical injuries was the fact that his cervical problems had "dramatically *improved* following this third cervical surgery." The Commission wrote:

> The records clearly show that the claimant's third cervical surgery did exactly what it should have, it helped. Now the claimant is able to walk without the need for a cane and the medical records clearly show the claimant is vastly improved since the Full Commission rendered its [2005] opinion. If anything, the claimant should now be able to perform more duties than he could at the time of the last adjudication.

We find that the Commission's opinion displays a substantial basis for denying Martin's claims for permanent total disability or additional wage-loss benefits. The question before us is not whether the evidence would have supported findings contrary to those of the Workers' Compensation Commission; rather, the decision of the Commission must be affirmed if reasonable minds might have reached the same conclusion. *Caffey v. Sanyo Mfg. Corp.*, 85 Ark.App. 342, 154 S.W.3d 274 (2004). We are unable to say that reasonable minds could not reach this result, and we therefore affirm.

Affirmed.

VAUGHT, C.J., and ROBBINS and GLOVER, JJ., agree.

HART and KINARD, JJ., dissent.

KINARD, J., dissenting.

Because I believe that the evidence presented to the Commission demonstrates that appellant is unable to work as a result of his compensable injury, I respectfully dissent from the majority opinion. Appellant has now undergone three surgeries to his cervical spine, with the most recent surgery occurring in 2006, after the Commission's 2005 opinion. The third surgery resulted in additional permanent-partial impairment to appellant's cervical spine. Although the Commission determined in 2005 that appellant was entitled to wage-loss disability benefits in the amount of twenty-five percent rated to the body as a whole, appellant petitioned the Commission to review that award based upon a change in physical condition. *See* Ark. Code Ann. § 11–9–713(a)(2) (Repl.2002). The record in this case supports appellant's contention that he experienced a change in his physical condition since the Commission's 2005 opinion.

The ALJ, whose opinion was affirmed and adopted by the Commission, based the denial of appellant's claim for either wage-loss disability benefits or permanent-total impairment benefits on the evidence that appellant could walk without a cane, along with the ALJ's determination that appellant's condition improved following appellant's third surgery. The medical evidence in this case indicates that appellant is unable to earn meaningful wages due to his compensable injury. Both of appellant's physicians stated that he was unable to work following his third surgery, and appellant supported their determinations with his testimony regarding the limitations he has experienced following his most recent surgery.

It appears that the Commission relied upon the medical evidence from Dr. Buono regarding appellant's condition immediately following his most recent surgery, but then arbitrarily disregarded the more recent reports from Dr. Buono and Dr. Michaels concluding that appellant is unable to work due to his injury. It also appears that the Commission arbitrarily disregarded the medical evidence indicating that appellant continues to experience problems with his cervical spine, chiefly the portion of Dr. Buono's June 5, 2006 treatment note in which he indicates that appellant "may have some neuropathy," states that appellant will be given a muscle stimulator for "palpable muscle spasm," and prescribes Lyrica for treatment of the continuing neuropathy in the cervical area affected by two surgeries prior to the 2005 Commission opinion and one surgery thereafter. The Commission may not arbitrarily disregard evidence. *See Roberts v. Whirlpool,* 102 Ark.App. 284, 284 S.W.3d 100 (2008). On the basis of the opinions of appellant's treating two physicians that he continues to experience problems with his neck and that he is unable to work as a result, I believe that the Commission's de-

cision to deny appellant additional permanent impairment benefits lacks a substantial basis, and I would reverse and remand this matter back to the Commission.

HART, J., joins.